UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MELVIN LEE,

            Plaintiff,

v.

JOEL KITCHEN, CANISUS COLLEGE, as
a person, DOMINIC J. BARONE, BUFFALO
STATE COLLEGE, as a person, and GARY
EVERETT,

            Defendants.

**DECISION AND ORDER**

1:16-CV-00829 EAW



---

## INTRODUCTION

Plaintiff Melvin Lee ("Plaintiff") brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. (Dkt. 1). Plaintiff was previously granted *in forma pauperis* status (Dkt. 4 at 2), and has now timely submitted an amended complaint (Dkt. 5), as permitted by the Court. (Dkt. 4). The Court is required to screen Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e).

## DISCUSSION

I.    <u>Plaintiff's Allegations</u>

Plaintiff alleges that Defendant Joel Kitchen ("Kitchen"), a student at Canisius College during the time period at issue, lied to Defendant Canisius College ("Canisius") public safety officers regarding a robbery allegedly perpetrated by Plaintiff on February 13, 2006. (Dkt. 5 at 4-5). Plaintiff asserts that a Canisius public safety officer, Defendant Dominic J. Barone ("Barone"), failed to sufficiently investigate Kitchen's

allegation because Barone failed to interview any witnesses to the incident beyond Kitchen. (*Id.* at 7). Plaintiff claims that Barone forwarded his incident investigation report to Defendant Gary Everett ("Everett"), the public safety captain at Canisius, and the Erie County District Attorney's office. (*Id.* at 8-9). Plaintiff was thereafter prosecuted for and convicted by a jury in Erie County Court of "one count of Robbery in the First Degree in violation of [New York] Penal Law section 160.15(3) and one count of Criminal Possession of a Weapon in the Third Degree in violation [New York Penal Law] § 265.02(1)." (*Id.* at 34). Plaintiff was sentenced to 10 years imprisonment and 5 years of post-release supervision. (*Id.*). Plaintiff's conviction was upheld on direct appeal. (*Id.* at 16-17; *see, e.g., id.* at 40-41).

Plaintiff asserts that Defendants violated his constitutional rights by withholding favorable evidence and by disallowing him from obtaining witnesses to testify on his behalf. (*Id.* at 5, 13). Plaintiff also raises a Sixth Amendment claim for violations of his right to confront his accuser, (*id.* at 16-18), and claims for false arrest and malicious prosecution. (*Id.* at 18-19). He requests damages of $25,000,000.00. (*Id.* at 5).

## II. Standard of Review

Under § 1915(e)(2), the Court must conduct an initial screening of Plaintiff's amended complaint. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss the complaint if it is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.* "An action is 'frivolous' for § 1915(e) purposes if it has no arguable basis in law or fact." *Montero v. Travis*, 171 F.3d 757, 759 (2d Cir. 1999).

In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations, and must draw all inferences in the plaintiff's favor. *See, e.g., Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basic requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

"[A] district court should look with a far more forgiving eye in examining whether a complaint rests on a meritless legal theory for purposes of section [§ 1915(e)] than it does in testing the complaint against a Rule 12(b)(6) motion." *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990). In determining whether a complaint survives a Rule 8 notice inquiry, the plaintiff need "only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "So long as the [*in forma pauperis*] plaintiff raises a cognizable claim, dismissal on the basis of factual deficiencies in the complaint must wait until the defendant attacks the lack of such details on a Rule 12(b)(6) motion." *Nance*, 912 F.2d at 607.

### III. Screening Plaintiff's Complaint

#### A. Defendant Buffalo State College Must Be Dismissed

Plaintiff names Buffalo State College ("BSC") as a Defendant in this action. (Dkt. 5 at 1). A prerequisite for liability under § 1983 is personal involvement by the

defendant accused of the constitutional deprivation. *See Sealey v. Giltner*, 116 F.3d 47, 51 (2d Cir. 1997). The amended complaint is completely devoid of any facts establishing BSC's involvement in Plaintiff's claims. (*See* Dkt. 5). Therefore, Plaintiff fails to state a claim as to BSC, and BSC must be dismissed.

B.   **State Action**

Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. "In order to maintain a [§] 1983 action, two essential elements must be present: (1) the conduct complained of must have been committed by a person acting under color of state law; and (2) the conduct complained of must have deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). "It is well settled that to state a civil rights claim under § 1983, a complaint must contain specific allegations of fact which indicate a deprivation of constitutional rights." *Davidson v. Mann*, 129 F.3d 700, 701 (2d Cir. 1997) (quoting *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir. 1987)).

As mentioned above, in order to pursue a claim under § 1983, the conduct at issue must be under color of state law. "[T]he core purpose of § 1983 is to provide compensatory relief to those deprived of their federal rights by state actors." *Hardy v.*

*N.Y.C. Health & Hosp. Corp.*, 164 F.3d 789, 795 (2d Cir. 1999) (internal citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Carlos v. Santos*, 123 F.3d 61, 65 (2d Cir. 1997); *see, e.g., Hollander v. Copacabana Nightclub*, 624 F.3d 30, 33 (2d Cir. 2010). Purely private conduct is not covered by § 1983. *Am. Mfrs. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).

### 1. Plaintiff Fails to Allege Kitchen Acted Under State Law

Plaintiff alleges that Kitchen was a "student" at Canisius when Kitchen lied about Plaintiff's actions. (Dkt. 5 at 2; *id.* at 7). Plaintiff seems to only allege that Kitchen reported the robbery and then lied to Barone. In no respects does Plaintiff allege that Kitchen acted under color of state law. Plaintiff mentions that he was convicted on the testimony of one witness, presumably Kitchen. (*Id.* at 10). A trial witness in a criminal case does not act under color of state law for § 1983 purposes. *San Filippo v. U.S. Trust Co. of N.Y., Inc.*, 737 F.2d 246, 266 (2d Cir. 1984) ("Even assuming some legitimate basis for charging that the defendants had given any false testimony . . . [the plaintiff] is precluded from bringing suit on that ground both because a private party giving testimony is not 'acting under color of state law' for purposes of § 1983, and because all witnesses, whether private parties or government officials, have absolute immunity from damages liability for their testimony under [*Briscoe v. LaHue*, 460 U.S. 325 (1983)]."), *overruled on other grounds by Rehberg v. Paulk*, 566 U.S. 356 (2012). Similarly, a witness before a grand jury is not a state actor for § 1983 purposes. *Rehberg*, 566 U.S. at

375. Thus, Plaintiff failed to state a claim as to Kitchen, and Kitchen must be dismissed as a party to this action.

### 2. Barone and Everett May be State Actors

Plaintiff asserts that Barone and Everett, as members of Canisius' public safety department, were state actors. (Dkt. 5 at 14). Plaintiff attaches to the amended complaint Canisius' "2008 Annual Security Report," which states that "Canisius College Public Safety officers are granted peace officer status according to New York law and have full powers of arrest when acting pursuant to their special duties." (*Id.* at 21). Allegations that an individual was acting as a duly authorized peace officer are sufficient to allege that the individual was acting under color of state law. *Schindler v. French*, 232 F. App'x 17, 19 (2d Cir. 2007); *see, e.g., Fabrikant v. French*, 691 F.3d 193, 203 (2d Cir. 2012). Thus, Plaintiff's amended complaint sufficiently alleges that Barone and Everett were acting under color of state law.

### 3. Canisius May be a State Actor

Plaintiff claims that Canisius, through its public safety department, undertook police actions, including the investigation of a reported crime and the arrest of Plaintiff, and, therefore, Canisius acted under color of state law even though it is a private college. (*See* Dkt. 5).

"[C]onduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character as to become subject to the constitutional limitations placed upon state action." *Perez v. Sugarman*, 499 F.2d 761, 764 (2d Cir. 1974) (quoting *Evans v. Newton*, 382 U.S. 296, 299 (1966)). A private

entity is a state actor when "(1) the State compelled the conduct [the 'compulsion test'], (2) there is a sufficiently close nexus between the State and the private conduct [the 'close nexus test' or 'joint action test'], or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State [the 'public function test']." *McGugan v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (quoting *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009)) (alterations in original). "A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). "The fundamental question under each test is whether the private entity's challenged actions are 'fairly attributable' to the state." *McGugan*, 752 F.3d at 229 (quoting *Fabrikant*, 691 F.3d at 207).

Plaintiff's allegations, read liberally, state that Canisius, through Barone and Everett, was responsible for Plaintiff's arrest and the investigation which led to that arrest. (*See* Dkt. 5). Plaintiff claims that there was a "connection" between Canisius and the state government such that Canisius was acting under color of state law. (*Id.* at 11). Whether Canisius is indeed a private entity, and whether it was a state actor under the compulsion, close-nexus, or public-function test, is not properly resolved at this stage of the litigation. Plaintiff's allegations are sufficient, at this stage, to state that Canisius was a state actor for purposes of § 1983.

C. **Plaintiff's Claims Must be Dismissed**

In essence, Plaintiff claims his conviction and imprisonment were unconstitutionally obtained. Plaintiff broadly argues that Barone, Everett, and Canisius

had a duty to investigate the allegations against him and to interview witnesses who could have been favorable to Plaintiff at trial. (*See generally id.*). Because they failed to do so, they withheld evidence which could have been used to secure Plaintiff's acquittal, in violation of Plaintiff's constitutional rights. (*See id.*). Plaintiff also raises a Sixth Amendment claim for violations of his right to confront his accuser. (*Id.* at 16-18).

Even assuming that Plaintiff's allegations are true, Plaintiff fails to state a claim.

> [I]n order to recover damages for an unconstitutional conviction or imprisonment, a § 1983 plaintiff must demonstrate that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." A claim for damages based on a conviction or sentence that has not been invalidated as described above is not cognizable under § 1983.

*Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995) (internal citations omitted) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)). Plaintiff was convicted in state court by a jury of robbery and criminal possession of a weapon, and was sentenced to 10 years imprisonment and five years of post-release supervision. (Dkt. 5 at 34). The New York Supreme Court, Appellate Division, Fourth Department unanimously affirmed Plaintiff's conviction. (*Id.* at 40-41). Plaintiff does not allege that his conviction was later reversed, expunged, declared invalid, or called into question through the issuance of a writ of habeas corpus. Thus, Plaintiff cannot challenge his conviction or imprisonment under § 1983.

To the extent that Plaintiff raises false arrest and malicious prosecution claims, they also fail. (*See* Dkt. 5 at 18-19). Claims for malicious prosecution and false arrest/false imprisonment may be brought pursuant to § 1983 because they implicate the

Fourth Amendment's protection of an individual's liberty interest with respect to criminal prosecutions. *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 115 (2d Cir. 1995). A plaintiff bringing such a claim must meet the state law requirements for the underlying torts, *Manganiello v. N.Y.C.*, 612 F.3d 149, 161 (2d Cir. 2010), and "show some deprivation of liberty consistent with the concept of 'seizure'" sufficient to implicate the Fourth Amendment. *Singer*, 63 F.3d at 116.

"To state a claim for false arrest under New York law, a plaintiff must show that '(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged.'" *Savino v. N.Y.C.*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. United States*, 25 F.3d 98, 102 (2d Cir. 1994)). As explained by the Supreme Court, a false arrest claim "consists of detention without legal process. . . ." *Wallace v. Kato*, 549 U.S. 384, 389 (2007). As a result, the false arrest ends once the [arrestee] is arraigned and subject to legal process, and thereafter any claim of unlawful detention forms part of the entirely separate tort of malicious prosecution. *Id.* at 389-390. Plaintiff does not assert that his pre-arraignment detention was unconstitutional; his claims relate to his post-conviction imprisonment. Thus, Plaintiff fails to state a claim for false arrest.

Plaintiff similarly fails to state a claim for malicious prosecution. "Under New York law, 'the elements of an action for malicious prosecution are (1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice.'" *Savino*, 331 F.3d at 72 (quoting *Colon v. N.Y.C.*, 60 N.Y.2d 78, 82 (1983)).

Plaintiff's prosecution did not terminate in his favor. Therefore, Plaintiff fails to state a claim for malicious prosecution.

Plaintiff fails to state a valid claim under § 1983, and, therefore, the amended complaint must be dismissed. Because no amendment would cure the defects exposed above, the amended complaint is dismissed with prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that, where repleading would be futile, the district court is not required to allow a *pro se* plaintiff leave to replead).

Additionally, Plaintiff's claims are likely time barred. "In [§] 1983 actions, the applicable limitations period is found in the 'general or residual state statute of limitations for personal injury actions....'" *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). A § 1983 action filed in New York is subject to a three-year statute of limitations. *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). The events underlying Plaintiff's constitutional claims occurred in 2006. (*See* Dkt. 5). Plaintiff did not file this action until October 19, 2016. Thus, even if Plaintiff could state a claim, his claims would likely be barred by the statute of limitations.

## CONCLUSION

The amended complaint is dismissed with prejudice for failure to state a claim. The Clerk of Court is hereby directed to dismiss the amended complaint and terminate the case.

Additionally, the Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and, therefore, leave to appeal to the

Court of Appeals as a poor person is denied. *See Coppedge v. United States*, 369 U.S. 438 (1962); 28 U.S.C. § 1915(a)(3). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: May 11, 2017
       Rochester, New York